Rosa *v.* Mabry.

4-5065

Opinion delivered May 9, 1938.

157

*Ben B. Williamson,* for appellant.
*Dene H. Coleman,* for appellees.

McHANEY, J. Appellees, Mabry and Gower, as chairman and secretary respectively of the alleged Stone County Democratic Central Committee, brought this action of mandamus against appellant, former secretary of the committee, to require him to turn over to them all of the books, records, files, papers, minutes, election supplies, ballot boxes and keys thereto, all funds and property of every nature and kind belonging to said committee. Appellant demurred to the jurisdiction of the court to entertain the petition, which was overruled, and he answered, still objecting to the jurisdiction, denying that appellees are the chairman and secretary of the committee and all other allegations of the petition, and asserting that he was the former secretary and still is the duly elected, qualified and acting secretary; that the issues involved have already been settled by the State Central Committee and the State Convention, acting under the rules of the democratic party; and that he has been recognized, named, designated, indorsed and approved by said State Central Committee as such secretary, a

matter within its exclusive jurisdiction, and that the court had no jurisdiction in the premises.

The facts are, that at the democratic primary election held August 11, 1936, the county central committee of Stone county failed to have printed on the ballots the names of any candidates from the various townships for membership on the county central committee, except in Blue Mountain township. There are twenty-seven townships in the county and each is entitled to one or more committeemen. In eighteen townships, including Blue Mountain, persons were voted on for committeemen, but in seventeen of them certain electors voted by writing the names of persons on the ticket for whom they wished to vote for committeemen. In some townships only one vote was cast for a committeeman, in another two, another three, but in several a substantial vote was cast on the subject. After the election appellant, as secretary of the old committee made up a list of these elected from the eighteen townships, and it was filed with the county clerk, along with other election returns.

On Monday, August 17, 1936, the newly-elected county central committee met and organized by electing appellees as chairman and secretary. Appellant was not present, but was out of the state, and also a quorum was not present,—only eight being present when fifteen constitutes a quorum. Thereafter, in November, 1937, this committee held a meeting and proceeded to fill the vacancies on the committee caused by the failure of some of the townships to elect.

Shortly after the primary election on August 11, 1936, a mass meeting was called and held on August 24, 1936, at which some forty or fifty electors from all sections of the county attended, for the purpose of electing a county central committee and delegates to the State Convention, as well as a chairman and secretary of the committee. At this meeting a committee was elected, H. E. Hixon was elected chairman and appellant was elected secretary. Delegates were named to the State Convention, and they were recognized as such in a contest with the delegates named by appellee Mabry with

the authority of his committee. Thereafter, the State Central Committee, acting through its chairman and secretary, recognized and approved the mass meeting committee and its officers as the County Central Committee of Stone county.

The trial court awarded the writ of mandamus as prayed, from which comes this appeal. In doing so the court erred. It was without jurisdiction in the premises and even if jurisdiction be conceded, it erred in its conclusion. It is undisputed in this record that the committee represented by appellees was without authority to act in electing them chairman and secretary. Only seven or eight members were present when fifteen is required for a quorum. Without a quorum in person or by proxy, no affirmative action could be taken, such as electing a chairman and secretary. The only other meeting this committee ever held, so far as this record reflects was on November 2, 1937, at which vacancies were filled. This body has never functioned whereas the other has, and courts should never interfere with party machinery in the administration of party affairs, unless jurisdiction is clear and certain. We so held in *Tuck* v. *Cotton,* 175 Ark. 409, 299 S. W. 613. After the decision in that case, act 116 of 1929, was passed, § 3 of which is now § 4716 of Pope's Digest, which provides: "The members of the various county central committees and the chairman and secretary of each committee are hereby declared to be officers within the meaning of § 9000."

And in *Brooks* v. *Pullen,* 187 Ark. 80, 58 S. W. 2d 682, we held that this act conferred jurisdiction on the circuit court to entertain mandamus to compel the committee to put the names of candidates for committeemen on the ballot. But in that case, there was no question about who the committee and its officers were, a wholly different question to the one presented here. In this case the title to the office of secretary is involved as is also which is the legal county central committee. While it is not an election contest, it is a contest over which is the duly constituted county central committee, and which of the two contesting parties is the secretary. The com-

mittees elect their own officers. It is conceded that mandamus lies to compel an officer to perform a ministerial act, but there is more involved here than the mere turning over of the books, records and property of the committee from one person who claims to be secretary of the legal committee to another who claims to be secretary of another legal committee. Of course, if appellees are not the chairman and secretary of the legally constituted county central committee, then no one would seriously contend they would be entitled to maintain this action.

Assuming without deciding that the court had jurisdiction to determine which was the legally constituted county central committee of Stone county, whether the one of which appellant is the secretary, or the one of which appellees are the chairman and secretary, it did not have the power to do so in this action as the members of the committee of which appellee is the secretary are not parties to this action, and certainly their rights could not be determined without making them parties.

Again assuming without deciding that § 4716 of Pope's Digest, quoted above, declaring the members of the various county central committees and the chairman and secretary thereof to be officers within the meaning of § 9000, confers power on the circuit court to hear a contest involving the right of membership on the county central committee, such an action to contest election to the office would have to be brought within the time and under the procedure specified by statute relating to other election contests and this was not done.

We are, therefore, of the opinion that the court was without jurisdiction to award the relief prayed in the petition, and that its judgment should be reversed, and the cause dismissed.