PARK *v.* KINCANNON, JUDGE.

4-8763                                                     216 S. W. 2d 376

Opinion delivered January 10, 1949.

*Mark E. Woolsey,* for petitioner.

*Yates & Yates,* for respondent.

Ed. F. McFaddin, Justice. This is an original proceeding filed by Park, for a writ to prohibit respondent, as Circuit Judge, from proceeding in a cause pending in the Franklin Circuit Court. The issue to be here decided is whether the Circuit Court has jurisdiction of an election contest to determine who was chosen County Democratic Central Committeeman.

Luke Park and Joe Sax were rival candidates for the same position as Central Committeeman in the Democratic primary in Franklin County in 1948. On the face of the returns, Park was the winner by a majority of five votes, and was so certified by the County Central Committee. Sax filed in the Circuit Court a complaint against Park alleging, that there were irregularities in the election, that certain votes cast for Park were illegal and void, and that Sax really received the majority of all legal votes. He prayed that the Circuit Court purge the illegal ballots and declare Sax to have been elected. In short, Sax filed in the Circuit Court a complaint to contest Park's election as County Democratic Central Committeeman.

Park's demurrer to the complaint was overruled, and the Circuit Court was about to proceed to trial when Park filed in this Court his petition for a writ of prohibition, claiming that the position of County Democratic Central Committeeman is an internal political-party matter, concerning which the courts should not take jurisdiction. The issues have been ably briefed and presented by both sides.

Petitioner here relies on *Tuck* v. *Cotton*, 175 Ark. 409, 299 S. W. 613, decided November 14, 1927. That case was an attempt to have the Circuit Court hear an election contest for County Democratic Central Committeeman. We said:

"The question to determine here is whether, under the primary election law, the courts are given authority to hear and determine a contest for the nomination of a central committeeman. . . .

"The Legislature has the authority to give the courts jurisdiction in these matters, but, unless it is clear that the Legislature intended to do this, the courts will not assume jurisdiction, but will leave these matters to be determined by the political parties, just as they were before the enactment of the primary election law. . . . .

"We think it clear that our statute only intended to provide a means of contest for officers, and not for committeemen and delegates to county conventions. If the Legislature should see fit to give courts jurisdiction to try contests for committeemen and delegates, it would have the authority to do so, and, when that is done, the courts would hear and determine these questions. . . .

"Our conclusion is that the circuit courts have jurisdiction to hear and determine contests for the offices mentioned in § 3772 of Crawford & Moses' Digest,[1] and that the court has no jurisdiction, under our statute, to hear and determine a contest for committeeman or delegate. . . ."

So petitioner is correct in stating that *Tuck* v. *Cotton, supra,* is in point; which case holds that the Circuit Court has no jurisdiction in a case such as the one here. The respondent concedes that *Tuck* v. *Cotton* is adverse to him, but claims that the case has been modified by subsequent legislation and decisions. Respondent cites us to: (a) Act 116 of 1929; (b) *Williamson* v. *Killough,* 185 Ark. 134, 46 S. W. 2d 24; (c) *Brooks* v. *Pullen,* 187 Ark. 80, 58 S. W. 2d 682; (d) *Rosa* v. *Mabry,* 196 Ark. 156, 116 S. W. 2d 614; and (e) *Smith* v. *Allwright,* 321 U. S. 649, 88 L. Ed. 987, 64 Sup. Ct. 757. We proceed to examine this Act and these cases to see what effect, if any, they have on the holding in *Tuck* v. *Cotton, supra.*

(a) Act 116 of 1929, insofar as is here concerned, says: "The members of the various County Central Committee and the Chairman and the Secretary of each committee are hereby declared to be officers within the meaning of § 7020, Crawford & Moses' Digest."

---

[1] This is § 4738, Pope's Digest, and § 3-245, Ark. Stats., (1947).

It is insisted that this legislation made Democratic Central Committeemen "officers," and thereby overcame the holding in *Tuck* v. *Cotton*. But a study of this Act and of § 7020,[2] Crawford & Moses' Digest, shows that the only purpose of the said 1929 Act was to allow *mandamus* to be used against a County Central Committee in order to give a minority in the party the right of representation in choosing judges and clerks for the party primary. The express limitation in the Act (in making County Central Committeemen officers "within the meaning of § 7020, Crawford & Moses' Digest") shows that the Legislature intended only the one result—*i. e.,* representation to the minority—and not another and different result as is here sought. If the Legislature had desired to make County Committeemen officers for all purposes—so as to give the courts jurisdiction in their disputed elections—then such could have been easily accomplished, but the express limitation in the 1929 act shows that it was not the legislative intention to change the rule announced in *Tuck* v. *Cotton*. So County Central Committeemen are not officers in any sense except to be answerable to *mandamus* proceedings—under Act 116 of 1929.

(b) *Williamson* v. *Killough, supra,* holds that the Circuit Court has jurisdiction to suspend an order of the County Court, changing township boundaries, until the Circuit Court hears the case on its merits. That is the full extent of the holding in *Williamson* v. *Killough*. It is true that in the recital of the facts it was made to appear that one of the effects of the County Court order would have been to change the composition of the County Democratic Central Committee, but such recitals of the particular situation in that case do not extend the holding of this court, which, as heretofore noted, was dealing only with the Circuit Court's jurisdiction over County Court orders. So *Williamson* v. *Killough* did not change the rule announced in *Tuck* v. *Cotton*.

(c) *Brooks* v. *Pullen, supra,* holds that a writ of *mandamus* may be issued against the county election

[2] This is § 9000, Pope's Digest, and—with the 1939 amendment—may be found in Ark. Stats. (1947), § 33-101.

commissioners. The commissioners in that case served in the general election, so that case has no bearing on a primary election dispute for the party County Central Committee which is the situation in the case at bar.

(d) *Rosa* v. *Mabry, supra,* was an action in which *mandamus*—seeking to compel delivery of the books and records of the Stone County Democratic Central Committee—was sought to be used as a means to obtain judicial decision as to which of two rival groups was the legally constituted Democratic Central Committee. In dismissing the action, we held that the Circuit Court was without jurisdiction. Near the conclusion of the opinion there are two paragraphs, each containing the words, ''assuming but not deciding''; and respondent cites these paragraphs in support of his contention that *Tuck* v. *Cotton* has been modified. But these two paragraphs do not support respondent's contentions, because in each such paragraph this Court expressly refused to use language which would show any weakening of our holding of *Tuck* v. *Cotton.*

(e) *Smith* v. *Allwright, supra,* is a case in which the Supreme Court of the United States held that Negroes have the right to vote in Democratic primary elections in Texas. We have had occasion to refer to that case in at least two of our opinions, being *Adams* .v *Whittaker,* 210 Ark. 298, 195 S. W. 2d 634 and *Fisher* v. *Taylor,* 210 Ark. 380, 196 S. W. 2d 217. *Smith* v. *Allwright* held that the Democratic primary partakes of a statutory election to a sufficient degree to allow Negroes to vote, despite a party rule to the contrary; but that case does not even indicate that a County Democratic Central Committeeman is an ''officer'' for purposes of an election contest in the courts. So we hold that *Smith* v. *Allwright* does not modify our holding in *Tuck* v. *Cotton.*

In short, we conclude that no legislation[3] or adjudication has changed the rule announced in *Tuck* v. *Cotton*; and under that case the Circuit Court has no jurisdiction

---

[3] In making this statement, we have not overlooked any effect that might be given to act numbered 386 of 1947.

to entertain an election contest between rival candidates for Central Committeeman. It follows therefore that the Franklin Circuit Court is without jurisdiction to entertain the attempted election contest brought by Sax against Park; and the writ of prohibition is ordered to be issued.

The Chief Justice and Mr. Justice FRANK G. SMITH dissent from the holding that Committeemen are not officers within statutory meaning.

Mr. Justice George Rose Smith did not participate in the consideration or determination of this case, it having been decided prior to January 1, 1949.