BROWN v. TAYLOR, CHAIRMAN.

BROWN v. HERD.

4-8685, 4-8686                                    216 S. W. 2d 378

Opinion delivered January 10, 1949.

*Claude F. Cooper,* for appellant.

*W. Leon Smith,* for appellee.

*Claude F. Cooper,* for appellant.

*W. Leon Smith,* for appellee.

ED. F. McFADDIN, Justice. These two cases (Nos. 8685 and 8686) are consolidated, as they present the same issue. We will state the background of each case, and then render opinion.

### Case No. 8685

On April 23, 1948, Ed Brown and W. A. Matheny (appellants here, but referred to as plaintiffs) filed their verified complaint in the Mississippi *Chancery* Court against "Jesse Taylor, chairman, and Jim Bunn, secretary of the Mississippi County Democratic Central Committee; and Bryan Herd, Clinton Sharp and Ross Smith" (all appellees here, but referred to as defendants). The complaint alleged that the plaintiffs were the duly elected, qualified and acting County Democratic Central Committeemen from Little River Township, Mississippi County, Arkansas; that said Little River Township was entitled to only two such committeemen; that on April 6, 1948, the Mississippi County Democratic Central Committee "appointed three extra Committeemen from Little River Township; namely, Bryan Herd, Clinton Sharp and Ross Smith, defendants herein"; that the County Central Committee had no authority to make such appointments; that the said Herd, Sharp and Smith were "undertaking to exercise and usurp the office of committeemen and the powers and duties of said office as Committeemen." The prayer of the complaint was that Taylor and Bunn be enjoined and restrained from permitting Herd, Sharp and Smith to act as said committeemen, and that Herd, Sharp and Smith be restrained and enjoined from usurping the plaintiffs' "offices", and from interfering with the plaintiffs in their exclusive rights to act as said Committeemen.

The defendants demurred to the complaint, saying, *inter alia:* "That the complaint of the plaintiffs shows upon its face that the matter there mentioned involves an interpretation and construction of its rules by the

County Democratic Central Committee, and that this court is therefore without jurisdiction to hear and determine said cause.''

The chancery court sustained the demurrer and dismissed the complaint for want of jurisdiction; and this appeal challenges that decree.

## Case No. 8686

On May 28, 1948, Ed Brown and W. A. Matheny (appellants here, but referred to as plaintiffs) filed their verified complaint in the Mississippi *Circuit* Court against Bryan Herd, Clinton Sharp and Ross Smith (appellees here, but referred to as defendants) in which complaint it was alleged that the plaintiffs were the duly elected, qualified and acting County Democratic Central Committeemen from Little River Township, Mississippi County, Arkansas; that Little River Township was entitled to only two such Committeemen; that on April 6, 1948, the Democratic Central Committee of Mississippi County named the three defendants as additional Committeemen in Little River Township; and that the said three defendants were ''usurping the office of Committeemen in and for Little River Township, wrongfully, illegally, unlawfully and without right.'' The prayer of the complaint was that the defendants be restrained from usurping the plaintiffs' ''offices'', and from acting as Democratic Central Committeemen, and also from interfering with the plaintiffs as such Committeemen.

The defendants demurred to the complaint, saying, *inter alia,* that the ''court is without jurisdiction to hear and determine the controversy set out in plaintiffs' complaint.'' The trial court sustained the demurrer, and dismissed the plaintiffs' complaint when they refused to plead further. This appeal challenges the rulings of the trial court.

## Opinion

From the foregoing recitals, it is clear that the plaintiffs, first by chancery suit and then by action at law,

have attempted to obtain judicial assistance in their claims to be the exclusive County Democratic Central Committeemen of Little River Township. The single question to be decided on these appeals is, whether the courts—under the present status of legislation and decisions—are the proper tribunals in which to settle matters relating to the internal affairs of the County Democratic Central Committee.

In *Parks* v. *Kincannon, ante,* p. 398, 216 S. W. 2d 376, we followed our earlier case of *Tuck* v. *Cotton,* 175 Ark. 409, 299 S. W. 613, and held that under our present statutes, courts have no jurisdiction to hear and determine a contest for the nomination of a Central Committeeman; and that the courts "will leave these matters to be determined by the political parties, just as they were before the enactment of the primary election law." Since there cannot be an election contest for Democratic Central Committeeman—and we so held in *Park* v. *Kincannon, supra*—then, *a fortiori,* the courts will not interfere with the party's determination as to who are such committeemen. When the Mississippi County Democratic Central Committee determined that there should be five Committeemen from Little River Township, then, if plaintiffs felt aggrieved, they should have carried their protests to whatever body in the Democratic Party system that exercises supervisory and other control over the Mississippi County Democratic Central Committee. The dispute was a party matter, and not within the jurisdiction of the courts.

In *Ferguson* v. *Montgomery,* 148 Ark. 83, 229 S. W. 30, Mr. Justice HART, speaking for this Court, said: "Except to the extent that jurisdiction is conferred by statute or that the subject has been regulated by statute, the courts have no power to interfere with the judgments of the constituted authorities of established political parties in matters involving party government and discipline, or to determine disputes within a political party as to the regularity of the election of its executive officers."

Authorities generally are in accord with our holding. See 18 Am. Juris 271 on "Committeemen as Public Officers"; 18 Am. Juris 273 on "Judicial Control Over Parties"; 29 C. J. S. 121 on "Judicial Supervision"; and Annotations in 20 A. L. R. 1035 and 169 A. L. R. 1281 on "Determination of Controversies Within Political Party."

The ruling of the trial court was correct in each of the appeals here presented. Affirmed.

Mr. Justice George Rose Smith did not participate in the consideration or determination of this case, it having been decided prior to January 1, 1949.

All of the Justices participating in these cases agree that Chancery Court was without jurisdiction in the circumstances shown here. Views of the Chief Justice and Mr. Justice Frank G. Smith as to Circuit Court jurisdictions are expressed in their dissent. Noted to *Park* v. *Kincannon, ante,* p. 398, 216 S. W. 2d 376.