FOSTER *v.* PONDER, JUDGE.

5-2804                                361 S. W. 2d 538

Opinion delivered November 5, 1962.

*Andrew G. Ponder,* Judge; writ granted.

*Ivan Williamson,* for petitioner.

No brief filed for respondent.

GEORGE ROSE SMITH, J. This is an application by the petitioner, Bill Foster, for a writ of prohibition to restrain the respondent from proceeding further in a case involving an asserted usurpation of the office of Democratic county committeeman in Stone county. We have con-

cluded that the trial court is without jurisdiction and that the writ should therefore be granted.

T. L. Ballentine filed the action against Foster in the court below. Ballentine alleged that in the Democratic primary held in August, 1960, he was an unopposed candidate for the office of county committeeman and was duly elected. He was accepted and seated by the county central committee and served until March 30, 1962. On that date other members of the committee wrongfully found Ballentine to be ineligible to hold his office, declared the position to be vacant, and selected Foster as his successor. The prayer was that Foster be ousted from the office and that Ballentine be reinstated. After the circuit court had overruled Foster's motion to dismiss the complaint for want of jurisdiction the present petition for a writ of prohibition was filed.

In *Tuck* v. *Cotton,* 175 Ark. 409, 299 S. W. 613, we held that in the absence of a statute conferring jurisdiction the courts have no authority either to interfere in any way with political organizations or to entertain a contest for a party office. That case was followed in *Park* v. *Kincannon, Judge,* 214 Ark. 398, 216 S. W. 2d 376, where a writ of prohibition was issued to keep the circuit court from taking jurisdiction of an election contest involving the office of Democratic county committeeman.

As far as this case is concerned the statutes have not been changed since those decisions were handed down. It is true that Act 21 of 1949 permits a candidate for the office of county committeeman to contest the election by filing a complaint in the circuit court within twenty days after the committee's certification of the nomination or of the vote. Ark. Stats. 1947, § 3-245. That statute, however, deals with the contest of a primary election at which candidates are elected by popular vote. It does not purport to confer upon the courts the power to entertain a usurpation proceeding in which the plaintiff is not contesting a popular election but is contending instead that he has been wrongfully ousted from office, long after the primary, by the action of the county committee. Inasmuch as jurisdiction has not been vested in

the courts the aggrieved plaintiff must, as we observed in *Brown* v. *Taylor,* 214 Ark. 403, 216 S. W. 2d 378, carry his protest to whatever body there is within the party that exercises supervision and control over the county committee.

Writ granted.