The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on three questions regarding the proper handling of election supplies prior to an election pursuant to A.C.A. §§ 7-5-211 and 7-5-301
(1987). Your questions will be restated and addressed in the order posed.
Arkansas Code Annotated Section 7-5-211 (1987) requires the county board of election commissioners to deliver certain election supplies to the county sheriff at least three days before any election. Section 7-5-301 provides:
 It shall be the duty of each election sheriff to deliver the ballot and stub boxes, list of voter forms, blank certificates of election, tally sheets, voting booths, if provided, and other election materials from the office of the county sheriff to the judges of election when the judges have assembled at the voting place for the purpose of holding the election.
You state in your request that the current practice in Washington County is for the election supplies to be placed in the custody of the county sheriff at least three days prior to an election. Then, on the day before the election, the "election sheriff" takes possession of the election supplies, keeps them in his possession overnight, and delivers them to the election judges at the place of voting on the morning of the election. Your first question is whether the election sheriff's practice of taking possession of the election supplies prior to the day of the election is prohibited by the above-referenced statutes.
Pursuant to § 7-5-301, it is clear that the election sheriff is to deliver the election supplies in question to the election judges at the voting place on the day of the election. It is not clear, however, when the election sheriff is authorized to take possession of the election supplies from the county sheriff. While this provision does not appear to contemplate the election sheriff maintaining possession of the election supplies for any length of time, it does not go so far, in my opinion, as to prohibit the election sheriff from obtaining possession of the supplies before the day of the election.
Your second question is whether, depending upon the answer to your first question, the sheriff may deputize the election sheriffs and authorize them to keep said supplies in their possession. In my opinion, my answer to your first question renders this question moot.
Your third question is whether this is a discretionary matter such that a petition for declaratory judgment and/or writ of mandamus would not lie. I cannot broadly state that this is a discretionary matter for which neither a declaratory judgment action nor a petition for writ of mandamus would lie. The answer to that question necessarily depends upon the facts and circumstances of a particular case. In certain circumstances, such an action might be the proper way to enforce compliance with the above cited election provisions. See, e.g., Brooks v.Pullen, 187 Ark. 80, 58 S.W.2d 682 (1933).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh