The Honorable Charles Fuqua State Representative 3907 Lankford Street Springdale, Arkansas 72762-6552
Dear Representative Fuqua:
This official Attorney General opinion is rendered in response to two questions you have raised concerning the effect of certain recent legislation upon county political party committee members, as described more fully below.
Background
You indicate that your questions arise out of the legislative history of the statute that is currently codified as A.C.A. § 7-3-104(c). That statute was originally enacted as a part of Act 116 of 1929. In its original form, it stated:
 The members of the various County Central Committees and the Chairman and Secretary of each Committee are hereby declared to be officers within the meaning of Section 7020, Crawford and Moses' Digest.
Acts 1929, No. 116, § 3.
The "Section 7020, Crawford and Moses' Digest" to which the above-quoted act referred was the mandamus statute, codified at A.S.A. § 33-101. The Arkansas Supreme Court interpreted Act 116 of 1929 to mean that party committee members were "officers" only for the limited purpose of being subject to mandamus. Park v. Kincannon, 214 Ark. 398, 216 S.W.2d 376
(1949). See also Tuck v. Cotton, 175 Ark. 409, 299 S.W.2d 613 (1927).
The statute, with its reference to the mandamus statute, was reiterated by Act 465 of 1969, which stated:
 The members of the County Committee of political parties and the chairman and secretary of each committee are hereby declared to be officers within the meaning of Section 33-101 of the Arkansas Statutes.
Acts 1969, No. 465, art. I, § 3(c).
The above-quoted provision was codified at A.S.A. § 3-103(c), in language identical to that of Act 465 of 1969.
However, when the Arkansas Statutes were entirely recodified in 1987, A.S.A. § 3-103(c) was placed at A.C.A. § 7-3-104(c), and was erroneously codified to state:
 The members of the county committee of political parties and the chairman and secretary of each committee are declared to be officers within the meaning of § 7-1-101.
A.C.A. § 7-3-104(c) (emphasis added).
The "§ 7-1-101" to which A.C.A. § 7-3-104(c) referred is not the re-codification of A.S.A. § 33-101, the mandamus statute to which A.S.A. § 3-103 and the original acts had referred, but rather is the re-codification of A.S.A. § 3-101, the definitions statute that is applicable to the election laws. (The mandamus statute [A.S.A. 33-101] was re-codified at A.C.A. § 16-116-102.) This definitions statute contained no definition for or reference to the term "officers." Thus, the reference to the definitions statute by A.C.A. § 7-3-104(c) made no sense. (The error likely occurred because of the similarity between "33-101" and "3-101.")
In 1997, the General Assembly passed Act 444, which amended A.C.A. §7-3-104(c) to state:
 The members of the county committee of political parties and the chairman and secretary of each committee are declared to be election officials within the meaning of § 7-1-101.
Acts 1997, No. 444, § 1 (emphasis added). This amendment simply replaced the term "officers" with the term "election officials," and retained the reference to A.C.A. § 7-1-101 (the definitions statute). It did not correct the erroneous reference by replacing it with a reference to the mandamus statute. However, at the same time, the General Assembly passed Act 445 of 1997, which amended A.C.A. § 7-1-101 (the definitions statute) so as to include the following definition for the term "election official":
 Election official or Election officer means a person who is a member of the county board of election commissioners or a person who is a poll worker having been designated by a county board of election commissioners to be an election clerk, election judge, or election sheriff;
Acts 1997, No. 445, § 1.
Questions Presented
On the basis of the foregoing legislative history, you have presented the following questions:
 (1) Does Act 444 of 1997 ratify as the law the codification error contained in A.C.A. § 7-3-104(c)?
 (2) If the error is now law, does the amended A.C.A. § 7-3-104(c) place county committee members under the same restrictions and prohibitions as election workers?
RESPONSE
Question 1 — Does Act 444 of 1997 ratify as the law the codificationerror contained in A.C.A. § 7-3-104(c)?
It is my opinion that the pertinent part of Act 444 of 1997, along with its companion legislation, Act 445 of 1997, was an attempt to correct the codification error that had occurred in A.C.A. § 7-3-104(c). The current form of A.C.A. § 7-3-104(c), as amended by Act 444, is now the law.
One of the primary rules of statutory interpretation is that where a statute is unambiguous, it is inappropriate to go beyond the plain language of the statute to determine what it means; the language should be interpreted to mean only what it says. Stucco Plus v. Rose,327 Ark. 314, 938 S.W.2d 556 (1997); Files v. Ark. State Highway and Transp.Dept., 325 Ark. 291, 925 S.W.2d 404 (1996).
The language of A.C.A. § 7-3-104(c), as amended by Act 444 of 1997, is unambiguous, even with its reference to the definitions statute rather than to the mandamus statute. This is so because the General Assembly also amended the definitions statute to correlate with the reference, thus removing any ambiguity. If the General Assembly had not amended the definitions statute, A.C.A. § 7-3-104(c) would be ambiguous, and it would be appropriate under those circumstances to go beyond the language of the statute to determine the real meaning of the statute, and to correct the erroneous reference. But because the General Assembly amended the definitions statute to correlate with the reference, the reference is no longer erroneous. There is nothing in the plain language of the statute in its current form that would indicate that the General Assembly had any purpose other than to affirmatively and intentionally incorporate a reference to the definitions statute.
For these reasons, I conclude that the unambiguous reference in A.C.A. §7-3-104(c) to the definitions statute is now the law.
Question 2 — If the error is now law, does the amended A.C.A. §7-3-104(c) place county committee members under the same restrictions andprohibitions as election workers?
It is my opinion that the question of whether county political party committee members are under the same restrictions and prohibitions as election workers depends upon the context of the particular restriction or prohibition under consideration.
Act 445 of 1997 amended the first phrase of the definitions statute that governs the election laws (A.C.A. § 7-1-101) to state: "As used in this title, unless the context or chapter otherwise requires:. . . ." Id., § 1.
This phrase leaves some room for interpretation of the circumstances under which a particular definition is applicable.
You have specifically indicated concern about whether, because of the provisions of Acts 444 and 445 of 1997, party committee members, as "election officials," would be prohibited from engaging in electioneering on election days and on days during which early voting is allowed, pursuant to A.C.A. § 7-1-103(9)(a) and A.C.A. § 7-7-203(e). You have also expressed concern about the prohibition against employees of political parties serving as election officials. See A.C.A. § 7-4-109(c).
It is my opinion that these are contexts which require that committee members, with the exception of county committee chairmen (as explained more fully below), not be considered to constitute "election officials."
The provisions of A.C.A. § 7-1-103 and A.C.A. § 7-7-203 deal with the physical and technical requirements of conducting elections and primary elections, and the penalties for violating those requirements. This context indicates that the "election officials" referred to therein are the persons who are in charge of carrying out the physical and technical requirements for conducting the election. That is, they are the persons who have been designated to conduct the elections in a non-partisan fashion. County political party committee members (other than committee chairmen) are not the persons who are designated to conduct elections. For this reason, the context of both A.C.A. § 7-1-103 and A.C.A. §7-7-203 indicate that those statutes were not directed at county political party committee members other than committee chairmen. Such members, therefore, are not "election officials" for purposes of those statutes.
The exception to this conclusion, as indicated above, is county political party chairmen. It is my opinion that the restrictions of A.C.A. §7-1-103(9)(a) and A.C.A. § 7-7-203(e) do apply to county political party chairmen on election day (including primary election day), but not on days during which early voting is allowed.
Under the provisions of A.C.A. § 7-4-102, county political party chairmen serve on the county board of election commissioners. That board is substantially involved in the conducting of elections on election day.See A.C.A. § 7-4-107 and A.C.A. § 7-7-203. Their duties, however, do not extend into days on which early voting is allowed. For these reasons, it is my opinion that the restrictions of A.C.A. § 7-1-103(9)(a) and A.C.A. § 7-7-203(e) do apply to county political party chairmen on election day, but not on days during which early voting is allowed.
It is my opinion that A.C.A. § 7-4-109(c) was not directed at county political party committee members. As amended by Act 647 of 1997, that statute states:
 No person who is a paid employee of any political party or of any person running for statewide office shall be eligible to be a member of a county board of election commissioners or an election official.
A.C.A. § 7-4-109(c).
The statute clearly was not directed at chairmen of county political party committees, who are specifically required by statute to serve on the county board of election commissioners. See A.C.A. § 7-4-102. Statutes that address the same subject (even though they appear to conflict) must be interpreted so as to harmonize and give effect to both if possible.See City of Ft. Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993). Such an interpretation is possible in this instance if A.C.A. § 7-4-102 is read as an exception to A.C.A. § 7-4-109(c). I find this reading of A.C.A. § 7-4-102 to be reasonable, particularly in light of the fact that it is more specific that A.C.A. § 7-4-109(c), and should therefore take precedence. See Sunbelt Courier v. McCartney, 31 Ark. App. 8,786 S.W.2d 121 (1990), aff'd 303 Ark. 522, 798 S.W.2d 92 (1990); Thomasv. Easley, 277 Ark. 222, 640 S.W.2d 797 (1982). In light of these rules of statutory interpretation, I conclude that A.C.A. § 7-4-102
is not directed at chairmen of county political party committees.
I also conclude that the context of A.C.A. § 7-4-102 indicates that the statute was not directed at the other members of county political party committees. The previous language of this statute indicates this conclusion. Prior to the 1997 amendment, the statute referred to "election judge[s]" and "election clerk[s]." Its obvious purpose was to prevent paid partisans from being placed in what was intended to be the non-partisan position of conducting elections. The 1997 amendment which replaced the phrases "election judge[s]" and "election clerk[s]" with the phrase "election official[s]", contains no indication that the change was enacted for the purpose of redirecting the statute toward the goal of preventing paid partisans from serving on county political party committees. See Acts 1997, No. 647, § 7. Indeed, the purpose of the amendment of 7-4-109(c) appears to have been merely technical: to make the language consistent with the language used throughout the chapter and title. This is the indication of the title of the amending act. The title of the act states in pertinent part: "An Act to Amend 7-4-101, 7-4-102,7-4-104, 7-4-107, 7-4-108, 7-4-109, 7-4-110, 7-4-112 to Make Technical Corrections. . . ." Acts 1997, No. 647. Accordingly, because the non-chairmen members of county political party committees are not involved in the conducting of elections, I conclude that the context of A.C.A. § 7-4-102 indicates that its use of the term "election officials" was not directed at members of county political party committees.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh