GERSTLE *v.* VANDERGRIFF.

Opinion delivered February 27, 1904.

1. JURY TRIAL—WAIVER.—One who goes to trial in equity without moving to transfer the case to the law docket will be held to have waived his right to a jury trial therein.  (Page 263.)

2. TAX SALE—CANCELLATION—WAIVER OF TENDER OF TAXES.—In a suit to remove a tax sale as a cloud upon the title, defendant cannot on appeal object that no tender of the taxes paid by him was made before the suit was brought if he did not ask for such taxes in the court below, but claimed title to the land.  (Page 263.)

Appeal from Benton Circuit Court in Chancery.

JOHN N. TILLMAN, Judge.

Affirmed.

STATEMENT BY THE COURT.

The appellee brought this suit against the appellant, and alleged that he was the owner in fee simple and in possession of the following real estate, in Benton county, Arkansas, to-wit, the west half of the northeast quarter of section 30, west half of the northeast quarter of section 32, in township 21 north, range 28 west, containing 80 acres more or less; that the defendant claimed title to said land under a deed issued by the commissioner of state lands of said state to him on the 8th day of August, 1898; that said land was sold by said commissioner as property of the state of Arkansas, acquired by an alleged forfeiture for the non-payment of the taxes assessed against said land for the year 1889. Plaintiff alleges that said forfeiture was void, and that the state of Arkansas acquired no title thereby because (1) the delinquent list of real estate for said year was never filed in the office of the clerk of the county court of said county; (2) said delinquent list was never published before the sale of said land by the collector; (3) said clerk did not keep said delinquent list posted up in or about his office for one year. That

defendant has, by virtue of his said deed, wrongfully entered upon said lands at various times, and carried therefrom and converted to his own use wheat and other products grown on said lands of the value of $100. That said commissioner's deed, while void in fact, is regular in form, and constitutes a cloud on plaintiff's title. Prayer that said forfeiture for taxes and said com-. missioner's deed be canceled, and that plaintiff's title to said land be quieted, and that plaintiff have judgment against the defendant for $100 and costs of suit and for all other, proper relief.

Defendant answered, and denied each and every allegation of the complaint; denied that plaintiff is the owner and in possession of the land; denied that he is entitled to the same; denied that the defendant converted to his own use $100 worth of wheat or other property, or any other amount; denied that plaintiff has any interest in said land; and alleged that he bought and paid to the state of Arkansas $100, and procured a deed of conveyance of said land, and exhibits his deed, and says he is the owner of said land.

The cause was submited to the chancellor upon the pleadings and evidence in the case. The court found that the tax title of the defendant was void, and the plaintiff was the owner and entitled to the possession of the land, and was entitled to the rents and profits thereof during the pendency of this suit; that the amount of said rents received by defendant exceed by the sum of $18.50 the amount paid by the defendant on account of the taxes for which said land was forfeited and all costs and penalty and interest thereon and taxes subsequently paid and improvements made by defendant on said land and interest thereon from the time said sum of money was paid; and canceled the defendant's tax deed, as a cloud upon the plaintiff's title; gave judgment in favor of plaintiff for $18.50; awarded plaintiff possession of the land, and a writ therefor, and all costs of suit.

Defendant excepted and appealed.

*Marshall & Coffman,* for appellant.

The proof must sustain the material allegations, or the complaint will be dismissed for want of equity. 29 N. Y. Supp. 342; 60 Ark. 70; 63 Ark. 323; 51 Ark. 235; 57 Ark. 589; 50 S. W.

275; 27 Ark. 414. The court had no jurisdiction. Sand. & H. Dig. § § 2595-7; 28 Ark. 299. The statute as to improvements applies, even where the tax title is void. 51 Ark. 397; 65 Ark. 305; 52 Ark. 132; 59 Ark. 147. This is true whether the suit be one for possession or not. · Sand. & H. Dig. § § 6632, 6635; 39 Ark. 196; 35 Ark. 505; 52 Ark. 132; 54 Ark. 665; 49 Ark. 266; 37 Ark. 643; 47 Ark. 215.

*J. A. Rice* and *McGill & Lindsay,* for appellee.  .

The testimony not being set out in detail, the presumption is that the chancellor's finding is correct. 64 Ark. 609. When actual possession of defendant appears, a transfer to the law docket may be made. 57 Ark. 589. If not so made, the right to a trial by jury is waived. 57 Ark. 589.

HUGHES, J. (after stating the facts). It is contended by appellant that the plaintiff's remedy was purely legal, and that the court should have dismissed the suit for the want of equity, citing Sandels & Hill's Digest, § 6121. But it is uncertain whether either had actual possession. The defendant made no motion to transfer the cause to the law docket, but submitted to trial in equity, and, having failed there, he now for the first time in this court objects that there was no jurisdiction in equity. He waived his right to a jury trial by not moving to transfer the case to the law docket. *Love* v. *Bryson,* 57 Ark. 589; *Burke.* v. *St. Louis, I. M. & S. Ry. Co., ante,* p. 256.

It is contended that the court erred in offsetting the rents received by defendant after the institution of this suit against the taxes, etc., paid by the appellant. He did not object below that no tender of taxes, etc., had been made before the beginning of the suit, but he set up and claimed title to the land, and denied plaintiff's right to recover at all. He waived the tender of taxes, etc., before suit was brought. The defendant did not ask for taxes, but for the possession of the land, and claimed title to it. The court made an equitable settlement of the taxes in the rents and profits of the land received by him after this suit was brought, and he ought not to be heard to complain.

We find no reversible error in the decree, and the same is affirmed.