Thomas and Ozan Lumber Company *v.* Smith.

4-8922                                   221 S. W. 2d 408

Opinion delivered June 13, 1949.

*J. H. Lookadoo* and *Thompkins, McKenzie & McRae,* for appellant.

*McMillan & McMillan,* for appellee.

Frank G. Smith, J.   Appellant, Ozan Lumber Company, brought this suit in ejectment against appellee, Smith, to recover possession of the E½, section 34, T. 7 S., R. 23 W., lying east of Antoine River, Clark county, containing 270 acres, more or less.

All parties in interest claim title through R. L. Blakeley, who entered into an oral contract with appellee Smith to sell and convey land to the latter.  Smith entered into an arrangement with Henry and W. T. Hill, for the location and operation of a small saw mill on the land and Smith had logs cut from the land, sawed into lumber, which was sold to I. B. Thomas.  Smith had acquired no title to the land when this lumber was sold to Thomas, and when Blakely was advised of the sale he demanded treble damages from Thomas for the conversion of the lumber.  Thomas thought he might be liable, or that he would be sued therefor, and he decided

that the best way out was to buy the land from Blakely
and he did so, under an arrangement to this effect: He
entered into a contract with the Hills whereby they were
to saw the timber on the land into lumber, sell the lum-
ber and deduct $5.00 per 1000 feet to be applied on the
purchase price of $1,500 which Thomas had paid Blakely
for the land. After $628 had been thus paid, Hill sur-
rendered his contract to Thomas, and moved the mill
from the land.

A contract was then entered into between Thomas
and Smith whereby it was agreed that Thomas would
sell the land to Smith for $1,200 with interest at 8%
from July 1, 1944, the date of the contract. Smith had
made certain payments to Blakely prior to making this
contract with Thomas, but the contract of July 1, 1944,
fixed the amount Smith should pay Thomas for the land.
The court found that the contract between Thomas and
Hill and the contract between Hill and Smith consti-
tuted a single transaction and the testimony warrants
that finding. Smith did not pay the $1,200 as agreed
and that sum was wholly unpaid and past due when the
decree was rendered from which is this appeal.

The court found that the defendant, Smith, from
time to time thereafter, offered to pay the amount due if
Thomas would advise him of that amount. It does not
appear why Smith, knowing the amount he agreed to
pay, and the date from which the interest thereon should
be computed could not by computation have ascertained
the amount due, and he has never made tender, but he
expressed his ability and willingness to pay at all times
when advised of the amount to be paid. Smith does not
appear ever at any time to have paid any taxes on the
land.

On June 19, 1947, Thomas sold the land in question,
with other lands, totaling 5,034.56 acres, to the Ozan
Lumber Company, for a consideration of $277,500. It
was not shown how the purchase price was arrived at.

This sale made the Ozan Lumber Company the
owner of the record title to the land on which it brought

ejectment to recover the land in question of which Smith was in possession. Inasmuch as Thomas had conveyed by warranty deed, he was joined as a party plaintiff. The court found, and the testimony is sufficient to support the finding, that the Ozan Lumber Company was not an innocent purchaser of the land.

Smith filed an answer and cross-complaint in which he alleged possession under a contract of purchase with which he was ready, willing and able to comply. He alleged that Thomas was a trustee for his benefit and that in violation of his duty as trustee, Thomas had conveyed to Ozan Lumber Company land to which he, Smith, was entitled to have a deed upon payment of the agreed purchase money, and the interest thereon.

Smith alleged his election to ratify the sale to Ozan Lumber Company and prayed that he be allowed the same price per acre at which the other land had been sold to the Lumber Company, and that from this amount there be deducted the unpaid purchase price, and that he have judgment for the excess which he alleges was $13,650. He prays this relief upon the theory that Thomas was a Trustee for his benefit, and had wrongfully disposed of trust property thereby giving him the option to ratify the same, which he offered to do, or to sue for the price received for the trust property, which he did not elect to do.

We think no trust relationship was established. The only right Smith has at all is the mere option to buy the land and receive a deed when he has paid the agreed purchase price, with interest thereon, and that right was accorded him in the decree from which is this appeal. This relief was granted upon the theory that Ozan Lumber Company was not an innocent purchaser, but had acquired title subject to Smith's right to demand a deed when he had paid the purchase money.

The decree from which is this appeal was rendered October 19, 1948. It gave Smith until Feb. 20, 1949, or in case of an appeal 60 days from the date of the final adjudication of the case by the Supreme Court, in which

to pay the $1,200 and interest, with the proviso that if not paid, the land be sold in satisfaction of the amount due on the land. The court retained jurisdiction of the cause to render a final decree when the appeal has been disposed of, and will therefore proceed to the execution of the decree which is here affirmed.

The court found that the cost should be taxed against the defendant Smith, because the outcome of this action is to effect the foreclosure of Thomas's equitable title. This being an equity case, the assessment of costs was a matter within the discretion of the court, and we are unable to say that discretion was abused, not only for the reason assigned by the court, but for the additional reason that Smith's delay in demanding a deed and making payment which would have entitled him to a deed precipitated this law suit.

On the whole case we think equity has been accomplished and the decree is in all respects affirmed.