SCHUMAN v. MOSLEY.

4-9771                                          248 S. W. 2d 103

Opinion delivered April 28, 1952.

*U. A. Gentry*, for appellant.

*W. Dane Clay*, for appellee.

MINOR W. MILLWEE, Justice.   This is a suit by appellee, Preston Mosley, to cancel a deed to his home in the City of Little Rock issued by the State of Arkansas to appellant, Florence Schuman, on January 3, 1950.

The complaint filed August 22, 1950, alleged the invalidity of the 1947 tax sale, under which the lot forfeited to the State, on several grounds.   It was also alleged that the state deed was issued to appellant upon her payment of $56.75, plus a fee of $1 for the deed to said lot and other lands purchased by appellant on the same

date. The complaint further alleged: "That plaintiff has tendered the sum of $57.75 to the said Florence Schuman in full payment of delinquent taxes, penalties and costs due thereon, but said tender was refused by the said Florence Schuman; and petitioner now tenders to the court and offers to pay said defendant the amount paid by her in taxes, penalties and costs for the above described tract of land."

Appellant filed no pleading but counsel then representing her appeared at the trial on August 29, 1951, and asked one witness on cross-examination two questions relating to the validity of the tax sale. The record reflects that upon being informed that appellant would convey the lot to appellee upon payment to appellant of the amount she advanced for the state deed, counsel for appellee, on December 20, 1950, mailed to counsel then representing appellant a check of $57.75 and a quitclaim deed to be executed by appellant. The check and deed were delivered to Manie Schuman, husband of appellant. Appellant retained the check but refused to execute the deed and the case was then set down for trial.

Appellant did not object to any evidence adduced at the trial or question in any manner the amount or sufficiency of the tendered check which she still retains. A decree was entered holding void and cancelling the state deed to appellant and finding that appellee had made "a proper legal tender" to appellant. No exception was noted in the decree to the court's finding.

In urging a reversal appellant now concedes that the tax sale upon which her state deed is based was void. But she seeks to question for the first time on this appeal the sufficiency of the tender on the ground that the check, which she received for taxes, penalty and costs incident to the tax sale, did not include six percent interest from the date of payment to the date of the decree as provided in Ark. Stats. § 84-1119. This contention comes too late.

Appellant says the trial court erroneously refused to award such interest, but there is nothing in the record

to indicate that the sufficiency of the tender was ever questioned in the trial court. It is well settled that a litigant cannot on appeal raise an issue which was not presented to the trial court. This rule was applied in circumstances similar to those involved in the instant case in *Gerstle* v. *Vandergriff,* 72 Ark. 261, 79 S. W. 776. In that case plaintiff's suit to cancel the defendant's tax deed was defended solely on the ground that the tax deed was valid. On appeal from a decree for plaintiff, the defendant for the first time raised the objection that there was a lack of tender by plaintiff of the taxes, costs, etc. before bringing suit. The court held that defendant waived the objection by not raising it in the trial court. "The object of requiring the parties to present all questions and issues to the lower court before they can be presented to this court is to have the lower court pass thereon, so that this court upon appeal may determine whether or not such ruling was erroneous. The purpose is also in furtherance of justice to require the party to first present the question he contends for in the lower court, so that the other party may not be taken by surprise." *Jones* v. *Seymour,* 95 Ark. 593, 130 S. W. 560. If the sufficiency of the tender had been questioned in the trial court, appellee would have had an opportunity to cure it by adding the small amount of interest to the tender which he made.

Nor can we agree with appellant's further contention that the chancellor erroneously rendered judgment against her for all costs in the trial court. Since appellant waived her objection to the sufficiency of the tender, the validity of her tax deed was the only issue presented to the chancellor. The necessity of a trial of this issue apparently resulted from appellant's retention of the tender without questioning its sufficiency while refusing to execute the quitclaim deed in compliance with a prior agreement. Appellee prevailed on the issue of the validity of the tax deed and the correctness of this decision is now admitted by appellant. The matter of assessment of costs in equity is within the discretion of the chancellor. Unless there is an abuse of that discretion we will not disturb the award. *Jones* v. *Graham,* 36 Ark. 383;

*Thomas and Ozan Lumber Co.* v. *Smith,* 215 Ark. 527, 221 S. W. 2d 408. The equities here are with the appellee and we are unable to say the chancellor abused his discretion in assessing the court costs against appellant.

Affirmed.

Justice GEORGE ROSE SMITH, not participating.