BAKER *v.* BOONE.

5-1862                                                327 S. W. 2d 85

Opinion Delivered September 14, 1959.

*Max Howell,* for appellant.

*Odell Pollard* and *Robert C. Downie,* for appellee.

GEORGE ROSE SMITH, J. The appellees filed a proceeding in the county court to contest the outcome of a local option election at which the voters of White County apparently voted for the manufacture and sale of intoxicating liquors. The complaint asserted that the election officials had sealed up in the ballot boxes the only copies of the lists of persons voting at the election and that the information contained in those lists was needed by the plaintiffs in the preparation of the contest. At a preliminary hearing the county court entered an order which in substance directed the appellants, as members of the county board of election commissioners, to produce the ballot boxes so that the lists might be removed in open court and made available to the contestants.

The appellants immediately petitioned the circuit court for a writ of *certiorari* to review the validity of the county court's order. The matter was submitted to the circuit court upon a transcript of the county court proceedings and resulted in an affirmance of the county court's order. This appeal followed.

Without exploring any question that might be raised about the finality of the circuit court's judgment we think it plain that the county court was right in making the lists available to the contestants. Local option elec-

tions are to be conducted in accordance with the laws governing general elections. Ark. Stats. 1947, §§ 48-802 and 48-808. The controlling statute requires the election clerks to keep an accurate list of all persons voting in each precinct and directs that the original list be filed with the county clerk as a public record subject to inspection by any interested person. Ark. Stats., § 3-919. In construing similar laws we have upheld the contestant's right to examine the voting lists, *Bowden* v. *Webb*, 116 Ark. 310, 173 S. W. 181; *Brooks* v. *Pullen*, 187 Ark. 80, 58 S. W. 2d 682; and we have no doubt that the same interpretation must be placed upon the present statute if effect is to be given to the legislature's purpose in requiring that the lists become a matter of public record.

Affirmed.