WHORTON *v.* GASPARD.

5-3628                                      393 S. W. 2d 773

Opinion delivered September 20, 1965.

*W. Q. Hall,* for appellant.

*Bob Scott,* for appellee.

PAUL WARD, Associate Justice. On November 23, 1964 Joseph B. Gaspard and Otto Smith (appellees herein) requested that the County Clerk of Madison County grant permission to copy the lists showing who had voted (including those who had aplied for absentee ballots) in the general election held on the third of that month. This request was denied, and two days later appellees filed a petition for a Writ of Mandamus in chancery court to require Charles Whorton, Jr., the County Clerk, to comply with their request. The trial judge, after a full hearing, granted the writ.

Only the three parties mentioned above testified in the trial court, and there is no dispute about any material

fact. The principal issue concerns the proper interpretation of Ark. Stat. Ann. § 3-919 (Repl. 1956).

For a reversal, appellant relies on only one point: The court erred as a matter of law in granting the Writ of Mandamus.

Section 3-919 referred to above provides that in every election held in this state the precinct officials shall make an accurate list of all persons voting in such precinct and file the same with the county clerk. The section then provides:

"The original of such list filed with the county clerk shall be kept on file by said clerk in his office and shall be a *public record subject to inspection* of any . . . person interested therein. . . ." (Emphasis added.)
Ark. Stat. Ann. § 3-1133 requires the county clerk to also keep a list of all those voting by absentee ballots, and paragraph "Third" of the section provides such list "shall be made available for public inspection. . . ."

The above mentioned lists are the ones that appellees sought to copy, and are the lists included in the court's order. It is our conclusion that the trial court was correct, under the facts here presented, in ordering appellant to allow appellees not only to inspect but to copy (or photocopy) the lists in question.

We have repeatedly held that, ordinarily, public records are open for inspection by interested persons. See *Bowden* v. *Webb,* 116 Ark. 310, 173 S. W. 181; *Brooks* v. *Pullen,* 187 Ark. 80, 58 S. W. 682; and, *Baker* v. *Boone,* 230 Ark. 843, 327 S. W. 2d 85.

After a careful consideration of numerous authorities we are of the opinion that, in cases of this nature, the right to inspect public records carries with it the right to copy such records, with certain general limitations hereafter mentioned. In 45 Am. Jur. page 426 § 15, Right to Copy, it is stated:

"The right to inspect public records commonly carries with it the right to make copies, without which the right to inspect would be practically valueless."

The above statement is approved in cases from other jurisdictions cited and discussed in 84 A. L. R. 2nd at page 1265 et seq. We think the general rule above stated is reasonable. We also think, as was stated in the authorities just mentioned, that the rule is subject to certain limitations. In this connection we adopt the language used in § 16, 45 Am. Jur. at page 427:

"Without doubt, reasonable restrictions and conditions may be imposed with respect to the right to use public records. Even in the absence of any specific restrictions, the right implies that those exercising it shall not take possession of the registry or monopolize the record books so as unduly to interfere with the work of the office or with the exercise of the right of others, and that they shall submit to such reasonable supervision on the part of the custodian as will guard the safety of the records and secure equal opportunity for all."

Appellant argues that the rule above stated should not apply in this case because (as is shown by the record) he draws no salary. His remuneration comes from fees charged for making certified copies of records. He also says the rule should not apply here because appellees, who are members of the Republican party, wanted the records for no lawful purpose but only wanted to harass and annoy him. We find no merit in these arguments.

By statute appellant is allowed to charge for making certified copies of records but only when requested to do so, and no such request was made by appellees here. There is no evidence that appellees intended to harass appellant, but the record does affirmatively show appellees desired to make a study to determine if there had been any irregularities in the recent general election. We know of no law to prevent such a study.

Appellees, on cross appeal, contend the trial court erred in assessing the costs below against them, but we do not agree. Many times we have said that, in chancery cases, this is a matter within the sound discretion of the trial court. *Lyle* v. *Latourette,* 209 Ark. 721, 192 S. W. 2d 521; *Wilson* v. *Wilson,* 211 Ark. 1030, 204 S. W. 2d 479; *Thomas and Ozan Lumber Company* v. *Smith,* 215 Ark.

527, 221 S. W. 2d 408. We are unwilling to say the trial court abused its discretion in this instance.

Appellees further contend the trial court erred in failing to order appellant to permit them to make a copy of the list of those who applied for absentee ballots. We cannot agree for two reasons. The evidence fails to show appellees made such a request, and a cross-appeal on this matter, according to the record, was not perfected.

The order of the trial court is affirmed, and appellant is charged with the cost of this Court.

Affirmed.