GASPARD *v.* WHORTON.

5-3629                                          394 S. W. 2d 621

Opinion delivered October 18, 1965.

*Bob Scott,* for appellant.

No brief filed for appellee.

JIM JOHNSON, Associate Justice. This appeal arises from dismissal of a petition for writ of mandamus. Appellant petitioners, Joseph B. Gaspard and others, sought to require appellee Charles Whorton, Jr., Madison County Clerk, to allow appellants to copy the list of applications for absentee ballots, the individual applications for absentee ballots and the accompanying absentee voters statements for the November 3, 1964, general election in Madison County. After hearing on January 6, 1965, the Madison Chancery Court found that appellants had failed to prove that appellee refused to permit them to photocopy these records and dismissed the petition, from which petitioners have appealed.

The trial court did not reach the question of entitlement—whether appellants were entitled to copy these records. The ruling turned on the fact question of whether proper request was made by appellants to appellee to permit them to copy these records. Our review

of the evidence discloses that an unmistakable request was made and permission clearly denied. Thus this court reaches the merits on trial de novo.

Appellants asked to copy (1) the list of applications for absentee ballots, (2) the applications for absentee ballots, and (3) the voters statements which accompanied the absentee ballots (as distinguished from the list of all persons who voted in the election). Ark. Stat. Ann. § 3-1127 and § 3-1133 (Repl. 1956) specify that the list of applications, the applications and the statements of voters "shall be made available for public inspection during regular business hours" and are therefore public records. This being true we find that appellants were entitled to copy these records and should have been given permission to do so. See *Whorton* v. *Gaspard,* (opinion delivered September 20, 1965), 239 Ark. 715, 393 S. W. 2d 773. *The denial to the public of reasonable access to public records by public officials is not conducive to the perpetuation of our form of government.*

The decree of the trial court is accordingly reversed and the cause remanded with directions that the writ of mandamus issue.

PER CURIAM ORDER

OCTOBER 18, 1965

SUPREME COURT OF ARKANSAS

*Per curiam, October, 18, 1965.*

The following rule of criminal procedure is hereby approved and adopted:

## Criminal Procedure Rule No. 1.

(A) A prisoner, in custody under sentence of a circuit court and whose case was not appealed to the Supreme Court, claiming a right to be released, or to have a new trial, or to have the original sentence modified on the ground:

(a) that the sentence was imposed in violation of the Constitution and laws of the United States or this State; or

(b) that the court imposing the sentence was without jurisdiction to do so; or

(c) that the sentence was in excess of the maximum authorized by law; or

(d) that the sentence is otherwise subject to collateral attack;

may file a verified motion at any time in the court which imposed the sentence, praying that the sentence be vacated or corrected.

(B) If the conviction in the original case was appealed to the Supreme Court, then no proceedings under this rule shall be entertained by the circuit court without prior permission of this Court.

(C) If the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files or records that are relied upon to sustain the court's findings.

(D) If the original motion (or a motion to take an appeal from the court's findings under Paragraph (C) above) should allege that the prisoner is unable to pay the cost of the proceedings, or to employ counsel, and if the court is satisfied that this allegation is true, the circuit court shall appoint counsel for the prisoner for hearing in the circuit and for an appeal to this Court.

(E) When a motion is filed in the circuit court, mentioned in Paragraph (A) above, and the court does not dispose of the motion under Paragraph (C) above, the court shall cause notice of the filing thereof to be served on the prosecuting attorney; and on the motion the court shall grant a prompt hearing with proceedings reported. The court shall determine the issues and make written findings of

## 850b

fact and conclusions of law with respect thereto. If the prisoner desires to be present at the hearing for taking of testimony the court shall order his presence.

(F) If the circuit court finds that for any reason the prisoner is entitled to any relief then the circuit court may set aside the original judgment, discharge the prisoner, resentence him, grant a new trial, or otherwise correct the sentence, as may appear appropriate in the proceedings.

(G) The circuit court may award fees to attorneys representing indigent persons under this rule, as provided by Ark. Stat. Ann. Sec. 43-2415 *et seq.* (Repl. 1964).

(H) All grounds for relief available to a prisoner under this Rule must be raised in his original or ammended petition. Any grounds not so raised or any grounds finally adjudicated or intelligently and understandingly waived in the proceedings which resulted in the conviction or sentence or in any other proceedings that the prisoner may have taken to secure relief from his conviction or sentence, may not be the basis for a subsequent petition.

(I) This rule shall become effective upon the filing of this order.

Endorsed:

Filed Oct. 18, 1965
   Philip N. Gowen, Clerk

The foregoing rule adopted pursuant to motion of the **Attorney General** filed September 22, 1965.