483 P.2d 500

**Rudy A. ORTIZ, Chairman, Bernalillo County Democratic Party, Petitioner-Appellant,**

v.

**Lucy JARAMILLO, County Clerk of Bernalillo County, Respondent-Appellee.**

**No. 9149.**

Supreme Court of New Mexico.

April 5, 1971.

Hartley, Olson & Baca, Albuquerque, for petitioner-appellant.

Alexander F. Sceresse, Dist. Atty., William J. Bingham, Asst. Dist. Atty., Albuquerque, for respondent-appellee.

**446**

OPINION

OMAN, Justice.

Petitioner, the Democratic Party Chairman of Bernalillo County, sought mandamus in the District Court to compel respondent, the County Clerk, to furnish him a copy of the magnetic tape, which had been produced and was kept by her, in her official capacity, as the "working master record" of the voter registration records of the county, pursuant to the Optional Registration Act, Chapter 3, Article 5, N.M.S.A. 1953 (Repl. Vol. 1, 1970). An alternative writ was issued, but after a hearing the court entered a judgment quashing the writ and dismissing the petition. Petitioner has appealed, and we reverse.

Petitioner sought a copy of the magnetic tape to facilitate his work as County Chairman of a political party. It is his contention that this tape constitutes a public record and he is entitled to have the same copied, or duplicated, at his expense under respondent's supervision, and the copy thereof delivered to him upon payment therefor.

The trial court referred to the tape both as a public record and as a county record, and respondent concedes it is a public record. See Chapter 71, Article 5, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, 1961) concerning inspection of public records. However, the trial court reached the following conclusions, although called findings of fact: (1) this was a unique kind of record, which could not be distributed indiscriminately; (2) it must remain always in the custody, under the supervision, and be protected by the County Clerk; (3) the intention of the Legislature in enacting the Optional Registration Act, supra, was that there should be only the "working master record" and just one copy thereof, the "duplicate master record," unless otherwise authorized by the Board of Registration; (4) the further duplication and distribution of the tape would constitute an invasion of the privacy of each citizen who provides the information which appears on the tape and which is required for voter registration; and (5) a copy of the tape should not be made available to petitioner.

Respondent concedes the affidavits of registration which she keeps in her office, as required by Chapter 3, Article 4, N.M.S.A.1953 (Repl.Vol. 1, 1970), and particularly by the provisions of §§ 3-4-8, 3-4-9, 3-4-10 and 3-4-18, N.M.S.A.1953 (Repl. Vol. 1, 1970), contain all the information found on the tape, and that petitioner, or anyone else acting lawfully and for a lawful purpose, may inspect the affidavits of registration. No contention is made that the right to inspect a public record does not include the right to make copies thereof. The right to inspect public records commonly carries with it the right to make copies thereof, subject, however, to reasonable restrictions and conditions imposed as to their use, reasonable regulations as to appropriate times when and places where they may be inspected and copied, and such reasonable supervision by the custodian thereof as may be necessary for their safety and as will secure equal opportunity for all to inspect and copy them. Whorton v. Gaspard, 239 Ark. 715, 393 S.W.2d 773 (1965); Direct Mail Service v. Registrar of Motor Vehicles, 296 Mass. 353, 5 N.E.2d 545 (1937); Annot., 84 A.L.R.2d 1261, § 5 at 1265 (1962); 45 Am.Jur., Records and Recording Laws, § 15 at 426 (1943).

We are unable to understand why the right to inspect public records should not carry with it the benefits arising from improved methods and techniques of recording and utilizing the information contained in these records, so long as proper safeguards are exercised as to their use, inspection, and safety.

The evidence is clear that copies of the tape can be made with reasonable safety. The obvious purpose for the preparation and safekeeping of the "duplicate master record" is to have immediately available the means of replacing the information on the "working master record," if the "working master record," or any portion thereof, should be damaged or destroyed. See

§§ 3–5–19 and 3–5–20, N.M.S.A.1953 (Repl. Vol. 1, 1970).

We fail to understand how it can be said the inspection and copying of information contained on a printed and written affidavit of registration, which is a public record, is proper, but the inspection and copying of this identical information from the "working master record" tape, which is also a public record, constitutes an invasion of the privacy of the individual named in and identified by this information. Nothing said or reasonably suggested in MacEwan v. Holm, 226 Or. 27, 359 P.2d 413, 85 A.L.R.2d 1086 (1961), cited by respondent, supports any claim that the information contained in a written public record becomes confidential, or cloaked with a protection of privacy, upon being converted into a reproducible form on a magnetic tape, which is also a public record. We are not concerned with whether an invasion of privacy might be involved in making the information available directly from the affidavits of registration, because no such question has been presented.

Respondent urges upon us that the trial court's findings are supported by substantial evidence, and, thus, are binding upon us as the facts of the case. There would be merit to this position [LeClert v. LeClert, 80 N.M. 235, 453 P.2d 755 (1969)] if the findings of the trial court relied upon were, in truth, findings of fact, rather than conclusions of law, and if these asserted findings of fact were actually supported by evidence, rather than being supported only by the trial court's interpretation of the statutes.

The judgment of the trial court is reversed and the cause remanded with instructions to reinstate the petition on the docket and issue a peremptory writ of mandamus commanding respondent to furnish petitioner a copy of the "working master record" magnetic tape.

It is so ordered.

TACKETT and STEPHENSON, JJ., concur.