(No. 2417—Decided September 22, 1976.)

LORAIN COUNTY TITLE COMPANY, APPELLEE, v. ESSEX, APPELLANT.

[Cite as Lorain Cty. Title Co. v. Essex (1976), 53 Ohio App. 2d 274.]

*Mr. Joseph R. Grunda,* prosecuting attorney, and *Mr. John D. Pincura,* for appellant.

*Mr. John A. Elden, Jr.,* and *Mr. Edward Kancler,* for appellee.

*Per Curiam.* This is an appeal by Dorothy Essex, Lorain County Recorder, from a summary judgment granted against her by the Lorain County Court of Common Pleas in favor of plaintiff-appellee, Lorain County Title Company.

On June 22, 1973, plaintiff requested a price quotation from defendant for the purchase of duplicate negative copies of the 35 mm microfilm of Lorain County deed and mortgage records prepared on a continuing basis in the defendant's office. The defendant refused to provide such a copy and on October 31, 1974, plaintiff filed suit asking the Lorain County Court of Common Pleas to determine the rights of the parties regarding the microfilm maintained by defendant. Additionally, plaintiff demanded that the court establish a price at which it, or any member of the

public, could obtain copies of these records. On November 26, 1975, plaintiff moved for a summary judgment asking the following:

"1. That the microfilm kept and maintained by the County Recorder, as admitted by the pleadings, involving records of deeds, mortgages, leases and other documents required to be kept by the County Recorder, are, in fact, public records;

"2. That by operation of law, the County Recorder is obligated to make such microfilm available for duplication and copying by Plaintiff and others similarly situated, and the public in general;

"3. That the County Recorder is required to charge a reasonable fee therefor."

On March 24, 1976, plaintiff's motion was granted on the authority of *Dayton Newspapers* v. *Dayton* (1976), 45 Ohio St. 2d 107. The defendant appeals from this judgment and assigns as error:

"I. The journal entry filed by Judge Mikus, March 24, 1976, is contrary to law in that duplicate microfilm copies are not 'public records' within the meaning of the law.

"II. The journal entry filed by Judge Mikus, March 24, 1976, is contrary to law in that the keeping, distributing, and selling microfilm copies by the County Recorder is discretionary the proper exercise of which requires a factual determination and cannot be decided as a matter of law."

*Assignment of Error II*

Insofar as this assignment of error implies that there were factual issues in controversy, defendant failed to comply with Civ. R. 56(E), which provides in part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

By not responding to the motion for summary judg-

ment, defendant failed to show the existence of a genuine issue for trial. We reject assignment of error II.

*Assignment of Error I*

In *Dayton Newspapers* v. *Dayton, supra,* the Supreme Court held:

"A record is 'required to be kept' by a governmental unit, within the meaning of R. C. 149.43, where the unit's keeping of such record is necessary to the unit's execution of its duties and responsibilities." (Syllabus.)

A careful reading of this opinion leads us to conclude that the microfilm in question is a public record. The information contained on this film is from public records and, therefore, the microfilm itself is a public record. Further support for this interpretation is found from a careful reading of R. C. 9.01, which provides in part:

"When so recorded, or copied or reproduced to reduce space required for storage or filing of such records, said * * * microfilms * * * when properly identified by the officer by whom or under whose supervision the same were made, or who has the custody thereof, have the same effect at law as the original record or of a record made by any other legally authorized means, and may be offered in like manner and shall be received in evidence in any court where such original record, or record made by an other legally authorized means, could have been so introduced and received. Certified or authenticated copies or prints of such * * * microfilms * * * shall be admitted in evidence equally with the original photographs, microphotographs, films, or microfilms.

"Such * * * microfilms * * * shall be placed and kept in conveniently accessible, fireproof, and insulated files, cabinets, or containers, and provisions shall be made for preserving, safekeeping, using, examining, exhibiting, projecting, and enlarging the same whenever requested, during office hours.

"All persons utilizing the methods described in this section for keeping records and information shall keep and make readily available to the public the machines and equipment necessary to reproduce the records and information in a readable form."

Clearly the legislature intended that microfilmed records are to be readily available to the public just as any other type of public record.

Nothing is set out in R. C. 9.01 specifying any particular procedure an officeholder must follow to comply with the requirements of the law. The order of the Lorain County Court of Common Pleas contains no such direction either. Therefore, in affirming the trial court, we note that the method by which the Recorder makes this film available for duplication may be chosen at her discretion, subject only to the qualification that the costs charged to the general public be reasonable. We reject assignment of error I.

*Judgment affirmed.*

VICTOR, P. J., MAHONEY and HUNSICKER, JJ., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.